## BARDE STEEL PRODUCTS CORPORATION v. FRANKLIN NAT. BANK.

(Circuit Court of Appeals, Third Circuit. June 20, 1922.)

### No. 2837.

Banks and banking ⊛191—Bank held not liable for payment of drafts drawn after notification to drawer that renewal of customer's letter of credit had expired.

Where a bank, after execution of an agreement to honor sight drafts drawn against its customer to a stipulated amount and for a specified time, notified plaintiff that the letter of credit issued to its customer had expired, and that after a renewal of 60 days it had not been extended, the bank was not liable for drafts drawn by plaintiff thereafter.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit by the Barde Steel Products Corporation against the Franklin National Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

Carr & Krauss, of Philadelphia, Pa. (Stanleigh P. Friedman, of New York City, of counsel), for plaintiff in error.

William A. Schnader and Thos. De Witt Cuyler, both of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BUFFINGTON, Circuit Judge. In this case the Barde Steel Products Corporation brought suit for damages for breach of contract against the Franklin National Bank. Jurisdiction is based on diversity of citizenship. The court entered judgment for the defendant on the pleadings, whereupon the plaintiff sued out this writ of error.

The facts of the case, which are not disputed, are that the bank delivered to the steel company the following paper, viz.:

"Philadelphia, Feb. 4, 1920.

"Barde Steel Products Corporation, 114 Liberty Street, New York City—Gentlemen: We hereby agree to guarantee payment of your sight drafts with the relative invoices and bills of lading attached on Messrs. F. R. Phillips & Sons Company, Philadelphia, to the extent of $1,000,000, drawn against shipments made under your agreement with Messrs. Phillips under date of January 29, 1920, covering the sale to them of 25,000 tons of steel at $59 per gross ton f. o. b. cars, shipping point. Drafts to be sent direct to this bank for collection. This guaranty to remain in force until July 31, 1920.

    "Yours truly,                [Signed]   J. Wm. Hardt, Cashier."

The day before the expiration of the term provided in said paper, the bank delivered to the steel company the following paper, viz.:

"Philadelphia, July 30, 1920.

"Barde Steel Products Corporation, 114 Liberty Street, New York, N. Y.—Gentlemen: Replying to your letter of July 27th, you may continue to make drafts, unless otherwise advised, up to September 30th, for the balance, as shown on our books to-day, of $293,302.38, drafts to be attached to invoices and negotiable bills of lading which are acceptable to and passed upon by F. R. Phillips & Sons Company.

    "Very truly yours,           [Signed]   J. Wm. Hardt, Cashier."

In pursuance of these two papers, a large number of sight drafts were drawn by the steel company on F. R. Phillips & Sons Company, Philadelphia, and were accepted and paid by the bank up to September 30, 1920, when the second paper expired by its own limitations. After that date the steel company drew some further like drafts, which were also accepted and paid by the bank, but later it declined to accept and pay any further draft, by a paper which reads as follows, viz.:

"Philadelphia, Feb. 5, 1921.

"Messrs. Rose & Paskus, 129 Broadway, New York City—Gentlemen: I beg to acknowledge receipt of your letter of February 4th, the contents of which I have noted. The letter of credit issued by us to the Barde Steel Products Corporation expired on June 30th and was renewed for sixty days, but was not further extended.

    "Yours very truly,           J. R. McAllister, President."

Thereupon the steel company brought this suit. We shall not attempt to restate the contention, argument, and discussion of cases made by counsel, for, in our judgment, the case before us turns wholly on the written contract between the parties, and the question involved is whether the bank was bound by such contract to accept and pay drafts after September 30, 1920. In our view, it was not. By the first paper the bank's contract to pay drafts thereunder ended by its own limitations on July 31, 1920, and by the second paper the steel company's right to draw drafts was limited in time to "continue to make drafts, unless otherwise advised, up to September 30th for the

balance, as shown on our books to-day, of $293,302.38." And the character of such drafts was further limited, "drafts to be attached to invoices and negotiable bills of lading which were acceptable to and passed upon by F. R. Phillips & Sons Company." The contract situation between the steel company and the bank was correctly summarized and stated in the bank's letter of February 5, 1921, in these words:

"The letter of credit issued by us to the Barde Steel Corporation expired on June 30th and was renewed for sixty days, but was not further extended."

We are shown no writing or no course of conduct by the bank by which these time limited agreements were farther extended. The payment by the bank on any drafts after September 30th was not an extension of the time limited contracts. Such payments in no way misled the steel company, estopped the bank from ceasing to pay drafts, or in any way committed it to pay further ones, for such drafts were neither within the time limit nor of the character described in the extension, viz.:

"Drafts to be attached to invoices and negotiable bills of lading which are acceptable to and passed upon by F. R. Phillips & Sons Company."

Finding no contract liability resting on the bank to accept and pay further drafts, the court was in no error in entering the judgment for the bank, which we now affirm.